# In the United States Court of Federal Claims

No. 15-1495 C
**(Filed UNDER SEAL** February 26, 2016)
**Reissued** March 8, 2016[1]

| | | |
|---|---|---|
| PRECISION ASSET | ) | |
| MANAGEMENT CORP., | ) | |
| Plaintiff, | ) | Post-Award Bid Protest; Subject |
| v. | ) | Matter Jurisdiction; Standing; |
| | ) | Economic Interest; Substantial Chance. |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| | ) | |
| KM MINEMIER & | ) | |
| ASSOCIATION., LLC, | ) | |
| Intervenor. | ) | |

*Sharon A. Roach*, Benton Potter & Murdock, P.C., Falls Church, VA for plaintiff. *Janine S. Benton*, *Kathy C. Potter*, *John M. Murdock* and *Rosanne E. Stafiej*, of counsel.

*Martin M. Tomlinson*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom appeared *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director and *Deborah A. Bynum*, Assistant Director, for defendant.

*Kathryn V. Flood*, PilieroMazza, PLLC, Washington, DC for defendant-intervenor, KM Minemier & Associates, LLC. *Pamela J. Mazza*, *Patrick T. Rothwell*, and *Jacqueline K. Unger*, of counsel.

## OPINION

Precision Asset Management Corporation ("plaintiff" or "Precision") filed the instant post-award bid protest on December 10, 2015. *See* Doc. 1. In the complaint, plaintiff alleges that the Department of Housing and Urban Development ("HUD") failed to fairly evaluate its proposal to manage certain property for the government, and asks that the court direct HUD to reconsider its submission. *See id.* at 2-3.

---

[1] Reissued with redactions pursuant to defendant's status report, doc. 37, providing notice of all parties' agreed proposed redactions, filed March 4, 2016.

## I.    BACKGROUND AND RELEVANT FACTS

The Federal Housing Authority ("FHA"), which is part of HUD, "administers the single-family mortgage insurance program." *See* Doc. 27 at 11.   When a homeowner defaults on an FHA-insured loan, many times, HUD ultimately acquires title to the property. *See id.*  HUD outsources the management of these properties, contracting with various outfits for asset management services.  Asset management includes services related to the marketing and sales of the properties HUD has acquired. *See id.*

### A.    The Solicitation

On July 25, 2014, HUD issued Solicitation No. DU204SA-13-R-0005 (the "solicitation"), requesting proposals for asset management services in twelve geographic areas. *See* AR at 44.  The area at issue in this action, Area 5A, involves property in the states of North and South Carolina. *See* AR at 4031.[2]  Once the government received the requested proposals, the evaluation process involved two steps.  First, HUD determined whether each proposal was technically acceptable, on a pass/fail basis. *See* AR at 4045.

Those proposals that were deemed technically acceptable, were then evaluated with the goal of determining which was the best value to HUD. *See id.* This analysis considered past performance and price, assigning approximately the same relative importance to each. *See id.*  In order to determine the strength of a bidder's past performance, the technical evaluation panel ("TEP") analyzed the recency, relevancy, and quality of that performance, along with the panel's confidence in the bidder's ability to perform under the contract. *See* AR at 4048, 4052.

The TEP assigned each proposal one of five adjectival ratings for confidence and quality of past performance:   excellent/high confidence, good/significant confidence, fair/some confidence, no confidence, and neutral/unknown confidence. *See id.*  In coming to these determinations, the TEP was to evaluate the three most recent, relevant references provided by the bidder. *See* AR at 4038.

---

[2] Because HUD amended the solicitation subsequent to its initial request for proposals, appropriate references are made to the terms of the amended document.

**B.     Plaintiff's Proposal**

Plaintiff submitted its initial proposal for all twelve geographic areas on September 23, 2014. *See* AR at 1224. For Area 5A, the only area at issue in this protest, plaintiff was to XXXXXXXXXXXXXXXXXXXXXXXXXXXX, and the proposed cost was XXXXXXXXXXXXXXXXXX. *See* AR at 1224, 1483. Plaintiff's proposal also included XXXXX contract references, on which HUD was to make its past performance evaluation. *See* AR at 1418.

By letter, dated August 27, 2015, HUD notified plaintiff that it had established a competitive range and was initiating discussions. *See* AR at 2996. The letter also stated that the TEP found plaintiff's proposal to be "Technically Acceptable." *See id.* In an attachment enclosed with the letter, HUD noted that it had identified XXXX XXXX XXXXXXXXXXX in plaintiff's proposal, and that it had XXXXXXXX XXXXXXX XXXXXXXXX  AR at 2958.  The only substantive note on the attachment was that while plaintiff's XXXXXX XXXXXXXX XXXXXX XXXXX XXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX. *Id.*

HUD revised the solicitation several times, and plaintiff submitted its revised proposal on September 9, 2015. *See* AR at 3176-3207. Its revised proposal included XXXX XXXXXX XXXXX XXXXXXXX XXXXXX XXXX  Doc. 1 at 8-9. Plaintiff lowered its original price by nearly XXXXXXXXX to XXXXXXX XXX, and included XXXXXX contract references. *See id.,* AR at 3581. After conducting its past performance evaluation, HUD assigned plaintiff's proposal a "Neutral/Unknown Confidence" rating. *See* AR at 3687.

**C.     The Award and Plaintiff's Challenge**

The record lists the entities deemed technically acceptable, and in the competitive range, as follows:

| Company | Total Value of Contract | Confidence Rating |
|---------|--------------------------|-------------------|
|  |  | Neutral/Unknown Confidence |
| K.M. Minemier & Associates, LLC | $33,171,912.89 | Good/Significant Confidence |

| | | |
|---|---|---|
| | | Neutral/Unknown Confidence |
| | | Excellent/High Confidence |
| | | Fair/Some Confidence |
| Precision Asset Management | | Neutral/Unknown Confidence |
| | | Neutral/Unknown Confidence |
| | | Excellent/High Confidence |
| | | Neutral/Unknown Confidence |

*See* Doc. 27 at 30 (citing AR at 3687).

The TEP recommended that HUD award the contract for Area 5A to KM Minemier & Associates ("Minemier"). AR at 3700-01. Minemier received a "Good/Significant Confidence" rating, and offered a price of $33,171,912.89. *See id.* The TEP chose Minemier's proposal as a compromise between price and confidence rating. In selecting Minemier, the TEP reasoned:

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

*Id.*

Plaintiff now takes issue with the way in which HUD conducted this evaluation, and contends that it should have received a higher, "if not the highest," confidence rating. Doc. 1 at 13. HUD, allegedly, did not adhere to the evaluation criteria as listed in the solicitation, resulting in a rating that was arbitrary and capricious, lacking a rational basis. *See id.* at 14. Specifically, plaintiff alleges that: "HUD incorrectly evaluated its past performance by: (a) failing to fully and fairly consider its references; (b) assigning a rating that by the terms of the Solicitation

4

was not applicable; (c) failing to evaluate a further reference once it determined that one of Precision's references was 'not relevant.'" Doc. 31 at 7-8. Plaintiff also contends that HUD violated its duty to engage in meaningful discussions, pursuant to 48 C.F.R. § 15.306(d). *See* Doc. 1 at 14.

In addition to the allegations of error with regard to the TEP's evaluation of its proposal, plaintiff also argues in its motion for judgment on the administrative record that "the rating assigned to Minemier . . . bears no rational relation or connection with Minemier's actual proposal." Doc. 24 at 25. *See also* Doc. 31 at 30 ("There is, in fact, no rational or coherent basis for the TEP's assignment of a 'Good/Significant Confidence' rating to Minemier."). Plaintiff suggests it was prejudiced not only by the errors in its own evaluation, but also by HUD's improper evaluation of Minemier. It claims that "[h]ad HUD conducted meaningful discussions and had HUD evaluated Precision's proposal in accordance with the Solicitation instead of treating it as a joke and had HUD evaluated Minemier's proposal in accordance with the facts, Precision would have stood a substantial chance of receiving this award." Doc. 24 at 28.

In order to determine whether HUD acted in an arbitrary or capricious manner in evaluating and assigning a rating to plaintiff's proposal or Minemier's proposal, the court would need to wade more deeply into the terms of the solicitation and HUD's application of those terms in the evaluation process. Before addressing the full merits of plaintiff's claims, however, the court must determine whether plaintiff has standing to bring this case. *See Myers Investigative & Sec. Servs. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (noting that "standing is a threshold jurisdictional issue").

## II.   MOTION TO DISMISS

The government has filed a motion to dismiss, alleging that this court lacks subject matter jurisdiction to consider plaintiff's case on the basis that plaintiff lacks standing to bring it. *See* Doc. 27 at 28-34. Plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *See Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). In determining whether the court has jurisdiction over plaintiff's claims, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995)).

This court's jurisdiction is based on the Tucker Act, which states in relevant part, that the Court of Federal Claims:

> shall have jurisdiction to render judgment on any action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1).

Under this section, a plaintiff must demonstrate that it is an "interested party," in order to establish this court's jurisdiction. As the Federal Circuit has held, the "interested party" requirement in the Tucker Act "imposes more stringent standing requirements than Article III." *Weeks Marine, Inc. v. United States,* 575 F.3d 1352, 1359 (Fed. Cir. 2009). Though the term "interested party" is not defined by the statute, courts have construed it to require that a protestor "establish that it '(1) is an actual or prospective bidder and (2) possess[es] the requisite direct economic interest." *See id.* (citing *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1308 (Fed. Cir. 2006)).

The record clearly demonstrates that plaintiff is an actual bidder, but the government maintains that plaintiff does not have the requisite economic interest to pursue its claim. *See* Doc. 27 at 29. In order to demonstrate sufficient economic interest to support standing, plaintiff "must show that there was a 'substantial chance' it would have received the contract award but for the alleged error in the procurement process." *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003) (citing *Alfa Laval Separation, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed. Cir. 1999)).[3]

The court, then, is left to the task of determining whether plaintiff has demonstrated that it would have a substantial chance of receiving the Area 5A award, but for the various alleged errors in HUD's evaluation process. Plaintiff argues that it has met this burden because had the TEP not made the alleged errors, plaintiff's proposal would have received a higher rating than the "Neutral/Unknown Confidence" rating that the TEP ultimately assigned, and Minemier's proposal

---

[3] The court notes that although it was not entirely clear from the initial briefing that plaintiff agreed that this standard governs the dispute, counsel for plaintiff acknowledged at oral argument that the "substantial chance" standard does indeed apply.

would have received a lower rating than "Good/Significant Confidence." *See* Doc. 24 at 27. *See also* Doc. 31 at 33-35. In other words, it is plaintiff's position that a higher performance/confidence rating for it, and a lower rating for Minemier, would have given plaintiff a substantial chance of receiving the award, irrespective of the price attached to its proposal. *See* Doc. 31 at 35 (arguing that the relatively small "differential between Precision's price and another offeror's price is not a barrier to award in a best value procurement").

The government counters that even the highest possible rating, "Excellent/High Confidence," would not have given plaintiff a substantial chance of receiving the award because its price was too high.

> The simple, unavoidable fact is that even if [Minemier] had received a worse confidence rating, and Precision had received a better confidence rating, *there was an offeror whose past/present performance evaluation Precision has not challenged that received the highest possible confidence rating and whose price was over XXXXXXXXXXXXX less than Precision's.*

*See* Doc. 27 at 31. (emphasis in original) (footnote omitted). The offeror to which the government refers in this passage is XXXXXXXXXXXXXXXXXXX, as represented in the chart above.

Notably, the substantial chance requirement does not mean that plaintiff must prove it was next in line for the award but for the government's errors. *See Sci. & Mgmt. Res., Inc. v. United States*, 117 Fed. Cl. 54, 62 (2014); *see also Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1562 (Fed. Cir. 1996) ("To establish prejudice, a protester is not required to show that but for the alleged error, the protester would have been awarded the contract."). Demonstrating prejudice does require, however, that the plaintiff show more than a bare possibility of receiving the award. *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1358 (Fed. Cir. 2005) (affirming the trial court's determination that the plaintiff had not demonstrated a substantial chance of award when its "argument rest[ed] on mere numerical possibility, not evidence").

In *Information Technologies*, for example, the Federal Circuit found that the plaintiff had established a "substantial chance" of receiving the contract at issue because the record supported the conclusion that had the alleged errors been cured, "[t]here is no question . . . its proposal would have been improved and its chances of securing the contract increased." *Info. Tech.*, 316 F.3d at 1319.

Here, plaintiff has failed to present evidence that its chances of securing the contract would have increased, even given the changes it believes would result if the evaluations' alleged errors were cured. Assume that the TEP assigned plaintiff the highest confidence rating. Assume, further, that Minemier's confidence rating was downgraded. A revised chart of the competitive range would appear as follows.

| Company | Total Value of Contract | Confidence Rating |
|---|---|---|
|  |  | Neutral/Unknown Confidence |
| K.M. Minemier & Associates, LLC | $33,171,912.89 | **Fair/Some Confidence** |
|  |  | Neutral/Unknown Confidence |
|  |  | Excellent/High Confidence |
|  |  | Fair/Some Confidence |
| Precision Asset Management |  | **Excellent/High Confidence** |
|  |  | Neutral/Unknown Confidence |
|  |  | Excellent/High Confidence |
|  |  | Neutral/Unknown Confidence |

Even if we next assume that the TEP would not select Minemier's proposal given a Fair/Some Confidence rating, XXXXXXXXXXXXXXXXXXXXX still offers an Excellent/High Confidence rating, at a lower price than plaintiff's. This fact alone does not prevent plaintiff from establishing standing, but it does require that plaintiff make an additional showing that it offered some experience or service that might have caused the TEP to value its proposal above XXXXXXXXXXXXXXXXXXXXX, despite the higher price.

In *Alfa Laval Separation v. United States*, the Federal Circuit explained that "while price differential may be taken into account, it is not solely dispositive; we must consider all the surrounding circumstances in determining whether there was a substantial chance that a protester would have received an award but for a significant error in the procurement process." 175 F.3d 1365, 1368 (Fed. Cir. 1999). Absent a showing of what those surrounding circumstances might be, the court has no evidence on which to base a finding that plaintiff had not only a chance to receive the award, but a *substantial* chance.

8

The record here is devoid of such evidence.  Plaintiff has made no argument and presented no facts to demonstrate that it offered something better or different from XXXXXXXXXXXXXXXX that might justify selection of the higher priced proposal, even assuming that the two companies had the same past performance/quality rating.  The court, therefore, cannot find that plaintiff had a substantial chance of receiving the award absent HUD's alleged errors.

## III.   CONCLUSION

The court **GRANTS** the government's motion to dismiss, *see* Doc. 27, and the clerk of court is directed to enter judgment in favor of the government.  As such, the following motions are dismissed as moot:  plaintiff's motion for preliminary and permanent injunction, *see* Doc. 4; plaintiff's motion for judgment on the administrative record, *see* Doc. 23; and Minemier's cross motion for judgment on the administrative record, *see* Doc. 28.

**SO ORDERED.**

s/ James F. Merow
James F. Merow,
Senior Judge